Law Office of Salim Fouerte, Esq.

16 East 34th Street, 18th Fl

New York, NY 10016

Tel: 347-634-6503

salimfouerte@live.com

February 4th, 2024

**<u>VIA ECF</u>**

To:

The Honorable Brian M. Cogan, U.S.D.J.

U.S. District Court, EDNY

225 Cadman Plaza East

Brooklyn, NY 11201

*Re: Hernandez Maldonado v. Top Tech Audio Inc. et al.*

*Case No.: 23-cv-5243*

I hope this letter finds Your Honor well.  I am writing as Defendants' Attorney to address the matter of the joint letter that was expected to be submitted by both parties in the above-mentioned case. Regrettably, despite my sincere efforts to collaborate with Plaintiff's Attorney, certain challenges arose that hindered the production of a jointly crafted letter.

The primary obstacle stems from the Plaintiff's Attorney's failure to respond to repeated emails requesting a stipulation be filed having Plaintiff's Attorney expedite the filing of an amended Complaint, directing me to accept service, disregarding any previous certificates of default, and allowing me sufficient time to file an Answer for my client (disregarding the previous Answer filed by now terminated Kevin S. Johnson). My purpose was to clean up the docket and move the case forward on the merits- all along the direct orders of Your Honor on January 16th, 2024. Despite my consistent efforts to prompt progress in this matter, I have not received the necessary cooperation from the Plaintiff's Attorney.

More importantly, the recent communication from the Plaintiff's Attorney compounded the issue. On the close of business last Friday, I received an email requesting a summary of defenses for Plaintiff's Attorney to paste in his letter. This would be instead of engaging in the collaborative effort needed to produce a jointly written letter. This approach would not contribute to the effective development of the joint letter and failed to address the fundamental need for a unified submission. I did, however, offer to

provide my review and responses on Sunday, before the letter was due (see Local Civil Rule 6.4. Computation of Time).

I am sure it is easier to simply copy and paste the content of his letter submitted on December 28, 2023. This approach, while expedient, may not adequately address the evolving circumstances of the case or the need for a collaborative and comprehensive joint letter. It also seems plausible that the Plaintiff's Attorney may be inclined towards a theatrical approach, perhaps driven by bravado or a desire for a "gotcha" moment. Indeed, Plaintiff's attorney reminded me on Friday of the possibility of "sanctions" for parties that miss pre-conference deadlines. Such tactics, however, not only undermine the spirit of cooperation between the parties but also disrespect the court and the judicial process as a whole.

Despite these challenges, I want to assure the court of my ongoing commitment to fostering open communication and collaboration in this case. Although faced with challenges in coordinating with the Plaintiff's Attorney, I remain willing to engage in further attempts to ensure efficient progress on this case.

That said, I am including a summary of my position. I have not included a Civil Case Management plan, as I do not want to submit conflicting dates or information and will accept the dates provided by Plaintiff's Attorney. I will also refrain from filing a formal Answer without leave from Your Honor.

Thank you for your time and consideration.

**Defendants' Position Statement:**

1- Plaintiff's entire employment was exclusively in New Jersey. NYLL does not apply to this employment. This court does not have the jurisdiction to hear Complaints regarding New Jersey law. This will be supported by documentary evidence. The minimum wage for NJ was paid, even by Plaintiff's own allegations.
2- Plaintiffs' Attorney did not even research the simple facts to know that Defendant corporation is a small business. The minimum wage he quotes is wrong, even under NY law.
3- There was no underpayment of wages. By any standard or gauge.
4- There is an equitable defense of unclean hands, considering the circumstances of this case.
5- Venue may be improper as employment was exclusively in New Jersey.
6- Commute time is not to be considered working hours, though the allegations likely conflate commute time and employment time.
7- The NY address Plaintiff's Attorney mentions in his Complaint is what I would describe as a "Google Fossil." The company has not been associated with that address for many years, and well before the relationship my client had with Plaintiff began. It was likely found through an online search.
8- There are no counterclaims, save perhaps for Attorneys' fees.

                                                    Sincerely,

                                                    **Salim Fouerte,**

                                                    **Attorney for Defendants**